CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.**,<br><br>        Plaintiff,<br><br>    v.<br><br>**12711 Sherman Way, L.P.,** a California Limited Partnership; **Bodega Latina Corporation,** a Delaware Corporation; and Does 1-10,<br><br>        Defendants. | **Case No**.<br><br>**Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Rafael Arroyo Jr. complains of Defendants 12711 Sherman Way, L.P., a California Limited Partnership; Bodega Latina Corporation, a Delaware Corporation;; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant 12711 Sherman Way, L.P. owned the real property located

1

Complaint

at or about 12727 Sherman Way, North Hollywood, California, in December 2017.

3.   Defendant 12711 Sherman Way, L.P. owns the real property located at or about 12727 Sherman Way, North Hollywood, California, currently.

4.   Defendant Bodega Latina Corporation owned the El Super located at or about 12727 Sherman Way, North Hollywood, California, in December 2017.

5.   Defendant Bodega Latina Corporation owns the El Super ("Supermarket") located at or about 12727 Sherman Way, North Hollywood, California, currently.

6.   Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

7.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights

Complaint

Act, which act expressly incorporates the Americans with Disabilities Act.

9.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Supermarket in December 2017 to shop.

11. The Supermarket is a facility open to the public, a place of public accommodation, and a business establishment.

12. Ticket dispensers are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Supermarket.

13. There were ticket dispensers placed on the transaction counters of the meat and cheese departments for patrons to take a serving number.

14. However, the ticket dispensers were more than 54 inches above the finish floor and were not effectively used by wheelchair users. In fact, the ticket dispensers are 65 inches high.

15. Currently, there are ticket dispensers placed on the transaction counters of the meat and cheese departments for patrons to take a serving number.

16. Currently, the ticket dispensers are more than 54 inches above the finish floor and are not effectively used by wheelchair users.

17. Plaintiff personally encountered this barrier.

18. These inaccessible conditions denied the plaintiff full and equal access and caused him difficulty, discomfort, and embarrassment.

19. Plaintiff plans to return and patronize the Supermarket but will be deterred from visiting until the defendants remove the barriers.

20. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

3

Complaint

21. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

22. Plaintiff is and has been deterred from returning and patronizing the Supermarket because of his knowledge of the barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Supermarket as a customer once the barriers are removed.

23. Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

24. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals

Complaint

1  with disabilities. 42 U.S.C. § 12183(a)(2).

2  27. Under the ADA, the highest operable part of controls, dispensers,

3  receptacles and other operable equipment must be placed so that it is no higher

4  than 48 inches above the ground if only a forward approach is provided or 54

5  inches if a parallel approach is possible. 1991 Standards § 4.27.3, 4.25, 4.26;

6  2010 Standards 205; 308, 309.

7  28. Here, the failure to ensure that these height/reach requirements are met

8  is a violation of the law.

9  29. A public accommodation must maintain in operable working condition

10  those features of its facilities and equipment that are required to be readily

11  accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

12  30. Here, the failure to ensure that the accessible facilities were available

13  and ready to be used by the plaintiff is a violation of the law.

14  31. Given its location and options, the plaintiff will continue to desire to

15  patronize the Supermarket but he has been and will continue to be

16  discriminated against due to the lack of accessible facilities and, therefore,

17  seeks injunctive relief to remove the barriers.

18

19  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

20  **RIGHTS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ §

21  51-53)

22  32. Plaintiff repleads and incorporates by reference, as if fully set forth

23  again herein, the allegations contained in all prior paragraphs of this

24  complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia,

25  that persons with disabilities are entitled to full and equal accommodations,

26  advantages, facilities, privileges, or services in all business establishment of

27  every kind whatsoever within the jurisdiction of the State of California.  Cal.

28  Civ. Code §51(b).

Complaint

33. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51(f); Arnold v. United Artists Theatre Circuit, Inc., 866 F.Supp. 433, 439 (N.D.Cal.1994).

34. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

35. Defendants' acts and omissions, as herein alleged, have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

36. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

7

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: March 28, 2018        CENTER FOR DISABILITY ACCESS

By: _____

            Chris Carson, Esq.
            Attorney for Plaintiff

Complaint